UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KYLE ELLISON** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **MARQUETTE TRANSPORTATION** | * | **JUDGE:** |
| **COMPANY GULF-INLAND, LLC** | * | |
| | * | **MAGISTRATE:** |
| | * | |
| | * | **IN ADMIRATLY/RULE 9(h)** |
| ************************************ | | |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Kyle Ellison ("Mr. Ellison"), a person of full age of majority and a resident of the Parish of East Baton Rouge, State of Louisiana, and for his Complaint, he respectfully avers as follows:

I.

Mr. Ellison is a Jones Act Seaman and brings this action pursuant to Title 46 U.S.C. §30104, recovery and pursuant to the general maritime law of the United States, and he hereby designates his claims as admiralty and maritime claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

II.

Mr. Ellison, at all pertinent hereto, was a person of the full age of majority and resident of Baton Rouge, Louisiana.

III.

At all times pertinent hereto, defendant, Marquette Transportation Company Gulf-Inland, LLC, ("Marquette"), was and is a Delaware limited liability company with its principal place of business in St. Rose, Louisiana, Parish of St. Charles and Defendant was at all times pertinent

hereto authorized to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court.

IV.

At all times pertinent hereto, Marquette, was Mr. Ellison's employ, and/or the owner and/or operator of the M/V ST. PEREGRINE (the "Vessel"), a vessel on which Mr. Ellison was injured, operating on the navigable waters of the United States of America and within the jurisdiction of this Honorable Court.

V.

At all times pertinent hereto, Mr. Ellison, was employed by Marquette, as a seaman and member of the crew of the Vessel on which he was injured while acting within the course and scope of his employment with Marquette.

VI.

On or about June 5, 2020, Mr. Ellison was performing his assigned duties aboard the Vessel. Then suddenly, without warning, and due to the negligence of the Marquette and/or its agent(s) and/or employee(s), and/or the crew of the Vessel, and/or due to the unseaworthiness of the Vessel, while building tow and in the process of landing barges, the Vessel collided with other barges without warning, Mr. Ellison was severely injured when his lower back and left leg struck the barge's ladder, causing Mr. Ellison to sustain severe and disabling injuries as more fully described herein.

VII.

Mr. Ellison was in no manner negligent. On information and belief, Mr. Ellison alleges that the sole and proximate cause of his injuries, as described herein, was the negligence and/or failure of the Marquette, and/or those for whom Marquette is liable, in carrying out their obligations and

duties, individually and concurrently and/or the unseaworthiness of the Vessel in one or more of the following:

1. Failing to provide Plaintiff with a safe place into which to work;
2. Failure to warn the Plaintiff;
3. Failure to warn Plaintiff of the dangerous and unsafe conditions of the Vessel;
4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the Vessel;
5. Creation and maintenance of an unseaworthy vessel, and the failure to properly maintain the Vessel;
6. Failure to provide Plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;
7. Failure to properly train employees, and/or hiring and/or retaining careless and/or unskilled employees;
8. Breach of legally imposed duties of reasonable care owed by the Defendant(s) to the Plaintiff;
9. Failure to provide prompt and adequate medical care, treatment, maintenance and cure, thereby causing additional pain and suffering and damages; and/or
10. Other acts of negligence and conditions of unseaworthiness to be proven at trial.

## VIII.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Mr. Ellison, sustained severe bodily injuries to his left leg and, lower back, including but not limited to possible nerve damage in his thoracic and/or lumbar spine, tears and other damage in the tendons, ligaments, muscles, cartilage, joints, and other parts of his back, left leg,

left knee, and left foot, as well as other injuries to the bones, muscles, joints, tendons, veins, and other parts of his body. Further, in the alternative, if it be shown that Mr. Ellison, was suffering from some pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

IX.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Mr. Ellison, has sustained damages in one or more of the following categories, to wit:

1. Past and future medical expenses;
2. Past and future wage loss or diminution of earning capacity;
3. Past and future physical and mental pain and suffering;
4. Past and future loss of household services;
5. Past and future loss of enjoyment of life; and/or
6. Other damages to be shown at trial of this matter.

X.

Mr. Ellison would show that on the above-mentioned dates, he was injured while in the service of the Marquette's Vessel. As a result, Marquette had a non-delegable duty to provide Mr. Ellison, with maintenance and cure benefits. The maintenance rate owed to Mr. Ellison, by Marquette is upon information and belief approximately $65.00 (SIXTY-FIVE AND 00/100 DOLLARS) per day, or such other amount to which he is legally entitled.

XI.

Marquette unreasonably, willfully, wantonly, arbitrarily, and/or capriciously denied payment and/or unreasonably, willfully, wantonly, arbitrarily, and/or capriciously delayed payment of maintenance and/or cure or paid an insufficient amount. As such, Marquette is legally liable to Mr. Ellison, for compensatory damages, attorney's fees, costs, and exemplary/punitive damages.

WHEREFORE, premises considered, Mr. Ellison, prays that this Compliant be deemed good and sufficient, and after due proceedings had and the expiration of all legal delays herein:

1. There be judgment in favor of the Mr. Ellison and against Marquette Transportation Company Gulf-Inland, LLC, as prayed for herein in damages in amount to be determined by the trier of fact, pre-judgment interest from the date of occurrence and other legal interest as allowed by law until paid, and for all costs of Court;

2. There be a judgment rendered herein in favor of the Mr. Ellison and against Marquette for maintenance and cure benefits, past, present, and future at a daily rate of SIXTY-FIVE ($65.00) DOLLARS per day, or such amount as Mr. Ellison proves to be legally entitled to, plus interest from the date of occurrence and other legal interest as allowed by law until paid, all costs of Court, and reasonable attorney's fees therefore, all in a true sum to be determined at the trial of the case, along with compensatory damages, attorney's fees, costs and exemplary/punitive damages which may become due for any willful, wanton, arbitrary, and/or capricious failure and/or refusal by Marquette to pay and/or delay in paying the Mr. Ellison's maintenance and cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, reasonable attorney's fees, and all costs of these proceedings;

3. For any and all other relief which the law and justice provide.

Respectfully Submitted,

*/s/ Phillip S. Robinson, III*
PHILLIP S. ROBINSON, III, BAR #39503
P.O. Box 8
Madisonville, LA 70447
Telephone: (561) 235-4464
Facsimile: (985) 228-6069
Email: phillip@sheridanlawllc.com
**Counsel for Kyle Ellison**