UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KYLE ELLISON<br>*Plaintiff*<br><br>VERSUS<br><br>MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC<br>*Defendant* | CIVIL ACTION NO. 2:23-CV-1849<br><br>SECTION: G; DIVISION: 1<br><br>JUDGE: BROWN<br><br>MAGISTRATE: VAN MEERVELD |

**CLAIMANT, KYLE ELLISON'S MEMORANDUM IN OPPOSITION TO MARQUETTE'S MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY AND OPINIONS OF G. RANDOLPH RICE, PLAINTIFF'S ECONOMIC LOSS EXPERT**

May It Please the Court:

Claimant, Kyle Ellison, through undersigned counsel, respectfully submits the following memorandum in response, and in opposition to Marquette Transportation Company Gulf-Inland, LLC's Motion in Limine to Exclude Certain Testimony and Opinions of G. Randolph Rice.

This matter arises out of an accident occurring on or about June 5, 2020 when claimant, Kyle Ellison, injured his left leg, and low back in the course of and pursuant to his duties as a deckhand, and member of the crew of the M/V St. Peregrine when a collision occurred between two (2) barges while the M/V St. Peregrine was building tow. The defendant, Marquette, employed Kyle Ellison, and owned and operated the M/V St. Peregrine at all times pertinent.

The pending Complaint was filed on Kyle Ellison's behalf on June 2, 2023 asserting claims against Marquette as a result of the June 5, 2020 accident for negligence pursuant to the Jones Act, unseaworthiness pursuant to the general maritime law, and for

maintenance, and cure, including claims for punitive damages, and attorney fees due to Marquette's bad faith failure, refusal, and/or delay in paying maintenance, and cure. (Rec. Doc. 1).

Claimant's seeks to recover certain damages against Marquette, including past and future lost wages, and loss of wage earning capacity. (Rec. Doc. 1, ¶IX). Claimant as a Jones Act Seaman is entitled to recover pecuniary damages, including damages for past and future lost wages, and loss of wage earning capacity. "Under the Jones Act, a plaintiff my recover all of his pecuniary losses." *Cruz v. Jendy Int'l Co.*, 638 F.2d 719, 723 (5th Cir. 1981). "Pecuniary loss may include loss of earning capacity…resulting from an injury caused by negligence and/or unseaworthiness." *Daigle v. L & L Marine Transp. Co.*, 322 F.Supp. 2d 717, 730 (E.D. La. 2004) (citing Thomas J. Schoenbaum, Admiralty and Maritime Law § 5:15, at 234). Further, in *Dunn v. Marquette*, the Court found that the plaintiff was entitled to recover past and future wages. *Dunn v. Marquette Transp. Co., LLC*, 2017 U.S. Dist. LEXIS 143917.

Ellison retained economist, G. Randolph Rice, Ph.D., to calculate, and offer testimony regarding his claim for past and future lost wages, and loss of wage earning capacity. Defendant, Marquette, has filed the pending Motion in Limine seeking to exclude any calculations made by Dr. Rice that utilize a base wage rate of $75,400.19, which exceeds Ellison's gross earnings at the time of the accident.

*Culver v. Slater Boat Co.*, 722 F.2d 114 (5th Cir. 1983) (hereinafter *Culver II*) provides that the "calculation of the lost income stream begins with the gross earnings of the injured party at the time of injury. To this amount other income incidental to the work, such as fringe benefits, should be added. From it, the fact-finder should subtract amounts

the wage earner would have been required to pay such as income tax and work expenses." *Culver II, 722 F.2d at 117*.

Claimant, Kyle Ellison, therefore, agrees that the calculation of his damages for past and future lost wages, and loss of wage earning capacity should not be based on a base wage rate of $75,400.19, but instead should be based on the gross wages he was earning with Marquette at the time of his June 5, 2020 injury plus any fringe benefits he received. Here, Ellison was paid $170.00 per day at the time of the June 5, 2020 accident. (Rec. Doc. 19-3, pg. 1). At the time of the accident, he was working a 10 day on, and 5 day off hitch.[1] Additionally, Marquette partially funded Ellison's health insurance in the monthly amount of $1,451.88. (Rec. Doc. 22-3, pg. 4-5, ¶24).

Therefore, while Ellison concedes that Dr. Rice should not offer evidence and opinions at the trial of this matter utilizing a base wage rate of $75,400.19, he should certainly be permitted to offer evidence and testimony that complies with *Culver II* regarding Ellison's lost wages and loss of wage earning capacity based on Ellison's earnings, including fringe benefits, he was paid by Marquette at the time of the June 5, 2020 accident.

[1] Exhibit A: Deposition of Brandon Morgan, pg. 34, lns. 21-24, and Exhibit B: Deposition of Captain James Landry, pg. 115, lns. 2-6.

Respectfully Submitted,

**Law Office of Ted Williams**

/s/ Ted Williams
**Ted Williams (22690)**
212 Laurel Street
Baton Rouge, Louisiana 70801
E-Mail: tedwilliamsattorney@gmail.com
Telephone: (225) 336-9600
Facsimile: (225) 709-1554
**Attorney for Plaintiff,**
**Kyle Ellison**

-and-

**Sheridan Law, LLC**

/s/ Phillip S. Robinson, III
**Phillip S. Robinson, III (39503)**
P.O. Box 8
Madisonville, Louisiana 70447
E-Mail: phillip@sheridanlawllc.com
Telephone: (561) 235-4464
Facsimile: (985) 228-6069
**Attorney for Plaintiff,**
**Kyle Ellison**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 16TH day of July 2024, a copy of the foregoing was sent to all counsel of record via email and/or US Mail.

/s/ Ted Williams
Ted Williams (22690)