UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KYLE ELLISON**  CIVIL ACTION

**VERSUS**  NO. 23-1849

**MARQUETTE TRANSPORTATION COMPANY**  SECTION: "G"(3)
**GULF-INLAND, LLC**

## ORDER AND REASONS

In this litigation, Plaintiff Kyle Ellison ("Plaintiff") brings claims against Defendant Marquette Transportation Company Gulf-Inland, LLC ("Defendant") under the Jones Act and general maritime law.[1] Before the Court is Defendant's "Motion *In Limine* to Exclude Certain Testimony and Opinions of G. Randolph Rice, Plaintiff's Economic Loss Expert."[2] In the Motion, Defendant argues the opinions of G. Randolph Rice ("Rice"), an economist retained by Plaintiff to testify on Plaintiff's alleged economic losses, should be excluded due to Rice's use of an improper base wage rate in his calculation.[3] Defendant claims Rice's use of a base wage rate of $75,400.19 in his calculation reflects a value almost double Plaintiff's gross earnings at the time of the alleged injury.[4] Defendant submits that the calculation of lost income must begin with the

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 19.

[3] *Id.* at 1.

[4] Rec. Doc. 19-1 at 4-5.

1

gross earnings of Plaintiff at the time of injury, which was approximately $35,000 a year.[5] Thus, Defendant claims Rice's proposed testimony should be excluded from trial.[6]

In response,[7] Plaintiff "agrees that the calculation of his damages for past and future wages, and loss of wage earning capacity should not be based on a base wage rate of $75,400.19, but instead should be based on the gross wages he was earning with [Defendant] at the time of his… injury," with Plaintiff further conceding Rice should not offer testimony at trial utilizing a base wage rate of $75,400.19.[8] But Plaintiff asserts Rice should be permitted to offer evidence and testimony that uses the correct base wage rate.[9]

In Reply,[10] Defendant maintains Rice's testimony should be excluded.[11] Defendant argues it is "well-established that expert testimony is limited to the scope of the expert's report in order to prevent prejudice and surprise."[12] Defendant claims Rice had access to the information necessary to know what the correct base wage rate was prior to issuing his report.[13] As such, Defendant argues Rice should not be allowed to correct his mistakes after the expert report deadline has passed.[14] Additionally, Defendant claims, even if Rice is permitted to alter the base

---

[5] *Id.* at 9.

[6] *Id.*

[7] Rec. Doc. 26.

[8] *Id.* at 3.

[9] *Id.*

[10] Rec. Doc. 29.

[11] *Id.* at 2.

[12] *Id.*

[13] *Id.* at 3.

[14] *Id.*

2

wage rate, Rice's testimony on post-accident wage-earning would be cumulative because Plaintiff's vocational rehabilitation expert Louis Lipinski is going to testify on the matter.[15] Thus, Defendant argues Rice's testimony should be excluded.

The parties agree that the base wage rate Rice used in the original report is incorrect. Plaintiff is essentially requesting that Rice be allowed to supplement his expert report to correct the past and future wage loss calculations. Under Federal Rule of Civil Procedure 26(e)(1), parties that have made a disclosure like an expert report must supplement the report in a timely manner if "the party learns that in some material respect the disclosure is… incorrect, and if the additional or corrective information" has not otherwise been made known to other parties.[16]

However, the deadline for submission of written expert reports was June 12, 2024.[17] If a party fails to provide information required by Rule 26(a) or (e), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."[18] In evaluating whether a party's failure to disclose is harmless courts look to four factors: (1) the explanation for the failure to identify the witness; (2) the potential prejudice to the opposing party if the evidence is allowed; (3) the availability of a continuance to cure such prejudice; and; (4) the importance of the evidence.[19]

---

[15] *Id.* at 3–4.

[16] Fed. R. Civ. P. 26(e)(1)(A)

[17] Rec. Doc. 14 at 3.

[18] Fed. R. Civ. P. 37(c)(1).

[19] *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009).

Plaintiff does not offer an explanation as to why Rice used the incorrect higher base wage rate in his calculations. But when considering factors two and three, Rice is the only witness who will testify to Ellison's loss of past and future wage earning capacity, which is essential to establishing Plaintiff's damages.[20] Therefore, Rice's testimony is critical for Plaintiff's case and Plaintiff's case will be prejudiced if Rice is not permitted to testify.

Lastly, a continuance is not required in this case. Plaintiff proffers Rice will use the same equation and methods but replace the base wage rate with the rate Plaintiff was earning working for Defendant before the alleged injury.[21] Using this lower base wage rate will simply lower Rice's total calculation of past and future lost wages. There is no evidence a downward change of the ultimate value of past and future lost wages will unfairly prejudice or surprise Defendant. Therefore, the Court denies the motion to exclude and require Plaintiff to disclose a supplemental report to Defendant on or before September 9, 2024. Based on the foregoing,

---

[20] *See* Rec. Doc. 19-2. Defendant points out Louis Lipinski, a vocational rehabilitation expert, will testify to post-accident wage earning capacity. *See* Rec. Doc 29 at 3. Lipinski is a vocational expert who will testify regarding future work available to Plaintiff. Rice is an economist who will calculate Plaintiff's past and future earning capacities.

[21] Rec. Doc. 26.

**IT IS HEREBY ORDERED** that Defendant's Motion for Exclusion of Certain Testimony of G. Randolph Rice[22] is **DENIED**. Plaintiff shall disclose a supplemental report with Rice's revised calculations to Defendant on or before September 13, 2024.

**NEW ORLEANS, LOUISIANA**, this 10th day of September, 2024.

                                                                                                _____
                                                                                                **NANNETTE JOLIVETTE BROWN**
                                                                                                **CHIEF JUDGE**
                                                                                                **UNITED STATES DISTRICT COURT**

---

[22] Rec. Doc. 19.